IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OXBO, INC.,

    Plaintiff,
Counterclaim Defendant,

v.

KONECRANES NUCLEAR
EQUIPMENT AND SERVICES,
LLC,

    Defendant,
Counterclaim Plaintiff

:
:
:
:

Case No. 3:22-cv-046

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF AND
COUNTERCLAIM DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS (DOC. #13)

---

Plaintiff and Counterclaim Defendant, Oxbo, Inc. ("OXBO" or "Plaintiff"), has filed a Motion for Partial Judgment on the Pleadings, Doc. #13 ("Motion"), pursuant to Fed. R. Civ. P. 12(C). It argues that the claims of unjust enrichment and promissory estoppel asserted by Defendant and Counterclaim Plaintiff, Konecranes Nuclear Equipment Services ("KNES" or "Defendant"), in its Answer

and Counterclaim should be dismissed as a matter of law.[1] Defendant has filed a response, Doc. #14, and Plaintiff has filed a reply. Doc. #15.

Because the Court accepts all well-pleaded material allegations of Defendant's Counterclaim as true, *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007), Plaintiff's Motion for Partial Judgement on the Pleadings, Doc. #13, is overruled.

## I. Factual Background as Alleged by KNES

Defendant, KNES, a Delaware corporation located in Wisconsin, designs and manufactures heavy industrial equipment including rail mounted dockside cranes used for cargo port operations. Doc. #10, PageID#75. It relies on vendors with expertise in transporting the cranes by barge to its customer's port. *Id.*

KNES contracted with the United States Navy for the design and construction of a "dockside crane" that would be constructed at Defendant's facility in Manitowic, Wisconsin, and transported to the Portsmouth Naval Shipyard ("PNS") in Kittery, Maine. Doc. #10, PageID#76. In conjunction with this contract, KNES issued a Request for Quote Proposal ("RFQ") to transportation companies for the delivery of the crane to the PNS. *Id.*

Plaintiff, OXBO, an Oregon corporation, specializes in the "lifting and moving of heavy industrial equipment," Doc. #1, PageID#1, and on September 15,

---

[1] For ease of reading, the Court will refer to the parties as they were styled in the Complaint, Doc. #1, to wit: Oxbo, Inc., as Plaintiff and Konecranes, aka KNES, as Defendant.

2020, it submitted to KNES an RFQ for the "complete turnkey service for the delivery" of a 140-ton single boom shipyard crane ("Crane 38") from Manitowic, Wisconsin, to Kittery, Maine ("the Project"). *Id.*, PageID#2. The parties negotiated the RFQ throughout 2020, and on March 10, 2021, signed a "Change to Purchase Order" ("Purchase Order") for $3,522,715. Doc.#10, PageID#76. The Purchase Order also referenced a "REV VI Transport Manual" prepared by OXBO and a "revised scope of work" it had sent via email to KNES on February 26, 2021. Doc. #10-1, PageID##82-88.[2]

The Purchase Order, which consisted of six pages, identified "general dates" for the commencement and conclusion of specific Project activities. Doc. #10, PageID#76. It stated that "Date[s] on [the]P[urchase]O[rder] are 'Ranges' in which the activities will take place. Sequencing may change as long as it does not impede processes or activities delaying the time line of transport to [the] site. Firm dates for loading, arrival and off-loading to be determined and communicated to all parties." *Id.*, Doc. #10-1, PageID#84. The Purchase Order also required OXBO to perform its work in a "workmanlike manner," professionally and in compliance with "best current practices in the industry" and with KNES to have sole discretion to require OXBO to be responsible for any defective or non-conforming product or service. Doc. #10, PageID#76-77; Doc. #10-1, PageID#86. OXBO was

---

[2] The REV VI Transport Manual and "revised scope of work," an email from Andy Hulings of OXBO, is not attached to KNES's Counterclaim. OXBO has attached to its Complaint only two pages, "[P]ages 3[61] and 3[62] . . .," of its REV VI Transport Manual, Doc. #1, PageID##4 and 36-37, and has attached what it asserts to be the revised scope of work. *Id.*, PageID##39-44.

3

also required to indemnify KNES for any costs and damages it incurred due to any breach of the Purchase Order. Doc. #10-1, PageID#87.

KNES has filed a Counterclaim alleging that OXBO breached the Purchase Order by failing to perform its obligations in a workmanlike manner, to indemnify it for costs and damages incurred, for delays and by causing damage to the crane it was transporting to the PNS. Doc. #10, PAgeID#77. It asserts that after the Purchase Order was signed by OXBO and KNES, OXBO changed the project performance schedule "at least three times." *Id.*, PageID#77; Doc. ##10-2, 10-3 and 10-4. These "agreed schedule changes lengthened the performance period and extended the contract completion date from June 28, 2021, to July 4, 2021." Doc. #10, PageID#77. KNES contends that OXBO's performance delayed the delivery of the crane to the Navy and "impacted a successful delivery." *Id.* Specifically, Defendant states these performance issue included OXBO's failure to work complete days at the KNES facility in Manitowoc, Wisconsin, to obtain bracing beams from its vendor and to have proper manpower on site to repair a damaged manlift. *Id.* OXBO also allegedly failed to make up lost time when it was unable to offload counterweights from the barge at PNS because its own crane failed. *Id.* Finally, KNES alleges it was forced to pay for damages to the Navy's crane that were caused by OXBO when it struck a bridge abutment during delivery to PNS. *Id.*, PageID#78. In addition to its breach of contract claim, KNES's Counterclaim also alleges claims for promissory estoppel and unjust enrichment with damages for each in excess of $75,000.

4

## II. Fed. R. Civ. P. 12(C)

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Winget*, 510 F.3d at 581(internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient.

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### III. Legal Analysis

OXBO moves the Court for partial judgment on the pleadings pursuant to Fed. R. Civ. P 12(c). It asserts that because both parties, OXBO and KNES, have alleged in their pleadings that the Purchase Order is a binding and enforceable contract, KNES's Second Cause of Action for promissory estoppel and Third Cause of Action for unjust enrichment cannot exist as a matter of law and must be dismissed.

There is no dispute that under Ohio law, both unjust enrichment and promissory estoppel are quasi-contractual doctrines that operate in the absence of an express contract. *Beatley v. Beatley*, 828 N.E.2d 180, 192-93 (Ohio 2005) ("Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.") (citations and internal quotation marks omitted); *Dailey v. Craigmyle*

*& Son Farms, L.L.C.*, 894 N.E.2d 1301, 1307 (Ohio Ct. App. 2008) ("Promissory estoppel is a quasicontractual or equitable doctrine. . ." (citation omitted). It has also been explained as "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *McCroskey v. State* 456 N.E.2d 1204 (Ohio 1983).

KNES does not dispute that unjust enrichment and promissory estoppel do not apply where an express contract exists. Doc. #14, PageID#116. Instead, it argues that while it cannot collect under both contractual and quasi-contractual claims, it is not barred from pleading alternative claims. The Court agrees.

Rule 8(d)(1)(3) of the Federal Rules of Civil Procedure, entitled "Inconsistent Claims or Defenses," authorizes pleading in the alternative. It states that "[A] party may state as many separate claims or defenses as it has, regardless of consistency." (emphasis added). Here, KNES is not attempting to recover but is, instead, merely pleading in the alternative. In support of its motion, OXBO cites the Court the Sixth Circuit cases of *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787 (6th Cir.2009), *Sparton Technology, Inc. v. Util-Link, LLC*, 248 Fed.Appx. 684, 690 (6th Cir. 2007) and *General Aviation, Inc. v. Cessna Aircraft Co*, 915 F.2d 1038 (6th Cir. 2009) as authority for its motion. The Court will address these cases below.

7

In *Wuliger*, the Court of Appeals reversed a District Court's order entering summary judgment in favor of a receiver and remanded with instructions to grant summary judgment in favor of the life insurance company. In doing so, the appellate court held, among other things, that a plaintiff could not recover under unjust enrichment or quasi-contract when there exists an express contract that covers the same subject. *Id.*, at 799. The Court did not address pleading in the alternative and did not decide the case pursuant to Fed. R. Civ. P. 12(c) or 12(b)(6).[3] Similarly, in, *Sparton Technology*, the Court of Appeals stated that when "the parties have an enforceable contract . . . and merely dispute its terms, scope or effect," recovery does not exist based upon promissory estoppel. This case, decided under Tennessee law and after a jury found that an express contract existed, also did not address pleading in the alternative and was not decided pursuant to a motion to dismiss or judgment on the pleadings. Finally in *General Aviation,* the District Court sustained a motion for summary judgment which was affirmed by the Sixth Circuit in part because General Aviation did not state a claim for promissory estoppel in its complaint and had agreed to enter into a written contract which, by its own terms, "was a full and complete expression of the

---

[3] In *Wuliger*, the Court stated that Ohio law is clear that "a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject," *Id.* at 799, quoting *Lehmkuhl v. ECR Corp.*, No. 06 CA 039, 2008 WL 5104747, at *5 (2008). The court of appeals in *Lehmkuhl*, however, did not address pleading in the alternative and instead affirmed the trial court's decision, following a bench trial, that an express contract covered the amount of recovery being sought so that no claim for unjust enrichment or quasi-contract existed.

parties' intentions."[4] OXBO also cites *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892 (S.D. Ohio)(Rose, J.). In this case, the District Court sustained a motion to dismiss a class action complaint for violations of §§ 1692(e) and 1692(f) of the Fair Debt Collection Practices Act ("FDCPA"), deceptive and misleading practices under § 1345.01 of the Ohio Consumer Sales Practices Act, unjust enrichment and breach of contract. Although the Court cited to *Wuliger* and noted that "unjust enrichment claims may be pled in the alternative to a breach of contract claim when the existence of a contract is in dispute, *Carlquist v. Wells Fargo Bank, N.A.*, No. 1:12 CV 0203, 2012 WL 3815646 at *6 (N.D.Ohio Sept. 4, 2012)," the Court ultimately found that the claim for unjust enrichment must be dismissed because the plaintiff failed to satisfy the "conferred a benefit" element of a *prima facie* case of unjust enrichment with the "mere allegation that FTMC 'was compensated for the services it provided.'" *Id.*, at 906.

Finally, the Court notes that although OXBO and KNES each have asserted a claim for breach of contract, it is unclear to the Court, at this early stage of the proceedings, what constitutes "the contract." Specifically, although each side

---

[4] OXBO also cites to *Willard v. Mariemont City Sch.*, S.D.Ohio No. 1:12-cv-476, 2013 WL 121970, at *4 (Jan. 9, 2013)(Weber, J.) aff'd, 601 Fed. Appx. 385 (6th Cir. 2015), stating "in *Walther-Willard*, for example, the court rejected the plaintiff's argument that an implied-in-fact claim was an alternative theory and dismissed that claim because there was an existing enforceable agreement dealing with the same subject at issue. *Id.*" Doc. #15, PageID#121. Although the District Court dismissed the plaintiff's claim for an implied-in-fact contract, it also noted that political subdivisions in Ohio "cannot be bound by contract unless the agreement is in writing and formally ratified through proper channels. As a result, political subdivisions cannot be made liable upon theories of implied or quasi contract." (cases cites omitted). *Id.* at *4. The plaintiff did not appeal the trial court's dismissal of this claim.

9

attaches the Purchase Order as the contract entered into, it is unclear from the allegations of the Complaint and Counterclaim what, if any additional documents are to be included. Although the Purchase Order references the REV VI Transport Manual and "revised scope of work," an email from Andy Hulings of OXBO, the Counterclaim does not address these documents and, in fact, attaches additional documents that OXBO does not include but appear to be part of the REV VI Transport Manual. Doc. ##10-2, 10-3 and 10-4. Moreover, although OXBO asserts that the issues are merely "the number of days constituting the delays," Doc. #15, PageID##122, the Counterclaim asserts damages not only based on OXBO's failure to perform timely but its obligation to indemnify KNES for "any costs and damages" that it incurred as a result of the breach which may include the alleged physical damage to the Navy's crane. In *People10 Technologies, Inc v. Alveo*, Case No. 20-cv-762, Sept. 21, 2021, 2021 WL 4288360, *8 (Black, J.), plaintiff's motion to dismiss the defendant's breach of contract and unjust enrichment claim was overruled and the District Court discussed the plaintiff's argument that because a contract was admitted by the defendant, it could not proceed on its unjust enrichment claim.

> People10's argument seems better suited for summary judgment than a motion to dismiss. And once again, the Court finds that accepting People10's argument would essentially mean that Alveo could not plead in the alternative at all. If Alveo must dispute the contract to plead unjust enrichment, in other words, it simply could not plead both causes of action. *See Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925, 939-40 (S.D. Ohio 2012). The law is clear that a party may plead in the alternative, 'regardless of consistency.' *Id.*

10

Accordingly, OXBO's Motion for Partial Judgment on the Pleadings, Doc. #13, is overruled.

## IV. Conclusion

For the reasons set forth above, OXBO's Motion for Partial Judgment on the Pleadings, Doc. #13, is overruled.

Date: February 7, 2023

*[signature]*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE